# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

CHARLES ROBERT BARLOW                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 2:08cv31-KS-MTP

FORREST COUNTY SHERIFF'S DEPT., et al.                                   DEFENDANTS

## ORDER

THIS MATTER is before the court on the Plaintiff's Motion for Reconsideration [48]

and Motion for Extension of Time to prepare for hearing [49].  Having considered the motions,

the court finds that they should be denied.

In his Motion for Reconsideration [48], Plaintiff objects to the Telephonic Omnibus

Hearing set by the court, and asks the court to rescind its Order [42] setting same.  Plaintiff first

claims that the omnibus hearing is improper because this is a civil case, and ominbus hearings

are only appropriate in criminal cases.  Contrary to Plaintiff's allegation, omnibus hearings or

*Spears*[1] hearings, are often utilized in *pro se* civil rights actions to "bring into focus the factual

and legal bases of prisoners' claims."  *Cowan v. Scott*, 31 Fed. Appx. 832, 2002 WL 180349, at

*6 (5th Cir. Jan. 4, 2002) (internal citations and quotations omitted).  The court also notes that

Plaintiff has previously requested an omnibus hearing in this matter.  *See* Letter [19].

Plaintiff also objects to the telephonic hearing on the basis that he should not be required

to prove his case over the telephone before he has had a chance to conduct discovery.  However,

Plaintiff will not be required or expected to "prove his case" at the omnibus hearing.  Rather, as

explained in the Order [42], the purpose of the omnibus hearing is to define the issues to be

litigated by allowing Plaintiff to explain his claims, to ascertain the potential witnesses or

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

exhibits, to provide appropriate assistance to the *pro se* litigant in obtaining discovery and evidence for trial, and to evaluate the case as appropriate. Moreover, the Prison Litigation Reform Act encourages court hearings and conferences via telephone and video conferencing. *See* 42 U.S.C. § 1997e(f)(1) ("To the extent practicable, in any action brought with respect to prison conditions in Federal court pursuant to section 1983 of this title . . . by a prisoner confined in any . . . prison . . . , pretrial proceedings in which the prisoner's participation is required or permitted shall be conducted by telephone, video conference, or other telecommunications technology without removing the prisoner from the facility . . . . ").

In his Motion for Extension of Time [49], Plaintiff asks the court for a 45-day extension to prepare for the Omnibus Hearing. He claims he needs this extension to "properly comply with the many ponderous and far reaching issues and demands set forth" in the court's orders. He also needs this time to adequately research case law.

This action has been pending for over a year, and Plaintiff has had ample time to prepare for this hearing. Indeed, he himself requested the hearing over six months ago. *See* Letter [19]. As previously stated, Plaintiff will not be required to prove his case at the hearing, nor will he be required to cite to any legal authority. Instead, he will be required to explain and expound on his claims so the court may properly "bring into focus the factual and legal bases of [Plaintiff's] claims." *See Cowan,* 2002 WL 180349, at *6; Order [42].

For the foregoing reasons, Plaintiff's motions are without merit and should be denied. Accordingly,

IT IS ORDERED:

1.      That Plaintiff's Motion for Reconsideration [48] is DENIED.

2.     That Plaintiff's Motion for Extension of Time to prepare for hearing [49] is

       DENIED.

SO ORDERED this the 12th day of February, 2009.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge